UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KYLIE ANN TURCZYN,
Deceased, by and through
BARBARA MCGREGOR, as
Administratrix of the Estate of
KYLIE ANN TURCZYN,

            Plaintiff,

            v.

CITY OF UTICA et al.,

            Defendants.
_____

6:13-cv-1357
(GLS/ATB)

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:**<br>Office of Frank Policelli<br>10 Steuben Park<br>Utica, NY 13501 | FRANK POLICELLI, ESQ. |
| **FOR THE DEFENDANTS:**<br>City of Utica - Corporation Counsel<br>1 Kennedy Plaza, 2nd Floor<br>Utica, NY 13502 | MARK C. CURLEY, ESQ.<br>MERIMA SMAJIC, ESQ.<br>ZACHARY C. OREN, ESQ. |

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff Kylie Ann Turczyn, deceased, by and through Barbara McGregor, as administratrix of the estate of Kylie Ann Turczyn, commenced this action against defendants City of Utica, City of Utica

Police Dept., and Elizabeth Shanley alleging substantive due process claims pursuant to 42 U.S.C. § 1983 and separate state law causes of action. (Am. Compl., Dkt. No. 12.) Pending is defendants' motion to dismiss for failure to state a claim. (Dkt. No. 19.) For the reasons that follow, the motion is granted in part and denied in part.

## II. Background

### A. Facts[1]

Shanley, an Oneida County domestic violence investigator, was at all relevant times assigned by the Police Department to accomplish the goals of reducing "occurrence[s] of domestic violence by increasing reporting and by identifying and tracking repeat victims and/or offenders," and "increas[ing] victims' access to supportive services by encouraging [them] to report their abuse, thereby increasing arrest rates for domestic offenders." (Am. Compl. ¶ 10.) On June 22, 2012, Thomas Anderson, Turczyn's former boyfriend and the father of her daughter, broke into Turczyn's home armed with a 9 mm rifle. (*Id.* ¶ 11) Anderson repeatedly shot Turczyn, taking her life in view of their four-year-old daughter, G.T. (*Id.*) Anderson then dispatched himself. (*Id.*)

---

[1] The facts are presented in the light most favorable to plaintiff.

2

In the twelve months preceding this horrific event, Turczyn made between five and ten complaints to Utica police officers, "including informing them of a specific threat by Anderson to kill her." (*Id.* ¶ 12.) Turczyn specifically told Shanley "that Anderson was armed and had threatened to kill her." (*Id.* ¶ 12(d).) Despite their knowledge of domestic violence between Turczyn and Anderson, neither Shanley, New York State Police, nor Utica Police took any steps to arrest Anderson, investigate Turczyn's complaints, or follow-up with Anderson "as is the policy and protocol of the domestic violence unit." (*Id.* ¶ 14.)

On June 18, 2012, Shanley told Turczyn to seek an order of protection, which she attempted to do, but was told by an unknown person at the Oneida County Family Court to return the following day because the court was "'too busy.'" (*Id.* ¶¶ 15-16.) The following day, Turczyn left a voice message for Shanley, explaining that she was unable to obtain an order of protection and that Anderson had a gun and planned to kill her that week. (*Id.* ¶¶ 16-18.) Despite her knowledge, "Shanley took no action." (*Id.* ¶ 17.) Shanley also mistakenly believed that Turczyn's issues with Anderson were outside of the purview of Utica Police and should, instead, be dealt with by New York State Police; however, "she did not inform any

3

other police agency or take any action herself." (*Id.* ¶¶ 18, 19, 20.)

**B.    Procedural History**

Turczyn commenced this action by filing a complaint on October 31, 2013. (Dkt. No. 1.) Defendants thereafter moved to dismiss, (Dkt. No. 10.) In response, Turczyn filed an amended complaint as of right, which is now the operative pleading. (*See generally* Am. Compl.) In her amended complaint, Turczyn alleges the following causes of action: (1) a denial of substantive due process rights under the Fifth and Fourteenth Amendments due to deliberate indifference; (2) a *Monell*[2] claim against the City; (3) negligence; (4) a "derivative action" on behalf of G.T.; and (5) negligent infliction of emotional distress. (*Id.* ¶¶ 37-74.) Defendants now move to dismiss the amended pleading pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 19.)

### III.  Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

---

[2] *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978).

## IV. Discussion

### A. Preliminary Matters

At the outset, it is noted that some of Turczyn's claims are deemed abandoned by her failure to oppose their dismissal. *See Barmore v. Aidala*, 419 F. Supp. 2d 193, 201-02 (N.D.N.Y. 2005) ("The failure to oppose a motion to dismiss a claim is deemed abandonment of the claim, and, in the Northern District of New York, is deemed consent to granting that portion of the motion." (internal citations omitted)); *Hanig v. Yorktown Cent. Sch. Dist.*, 384 F. Supp. 2d 710, 723 (S.D.N.Y. 2005) ("[B]ecause [the] plaintiff did not address [the] defendant's motion to dismiss with regard to [a particular] claim, it [wa]s deemed abandoned and . . . dismissed."). In particular, Turczyn squarely opposed dismissal of her substantive due process claim as against Shanley, (Dkt. No. 20 at 8-12), and scarcely, but sufficiently to save the claim from dismissal for abandonment, offered reasons why her substantive due process claim as against the City should survive defendants' motion, (*id.* at 5-7). Aside from the substantive due process claim, Turczyn failed to offer any opposition to defendants' motion, which also sought dismissal of her pendant causes of action. (Dkt. No. 19, Attach. 6 at 31-40 & n.15.) Accordingly, Turczyn's

pendant state law claims, (Am. Compl. ¶¶ 59-74), are dismissed.

Additionally, it is clear that the Police Department must be dismissed as urged by defendants, (Dkt. No. 19, Attach. 6 at 2 n.2), because "a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence." *Varela v. City of Troy*, No. 1:10-cv-1390, 2014 WL 2176148, at *6 (N.D.N.Y. May 22, 2014) (internal quotation marks omitted). As such, all claims as against the Police Department are dismissed.

The court also notes that both parties have submitted certain evidence that is outside of the pleadings (Dkt. No. 19, Attachs. 3, 4; Dkt. No. 20, Attachs. 1, 2.) Beginning with defendants, they submitted a January 2, 2013 stipulation of discontinuance, which, on its face, purports to memorialize McGregor's agreement to withdraw the notice of claim filed on behalf of Turczyn and to discontinue with prejudice, (Dkt. No. 19, Attach. 3), and a December 28, 2012 letter, which appears to memorialize a conversation regarding the discontinuation of legal action and execution of a stipulation, (Dkt. No. 19, Attach. 4). Relying on a single out-of-Circuit decision, *see Raines v. Haverford Coll.*, 849 F. Supp. 1009, 1010 (E.D. Pa. 1994), which does not appear directly to support their position nor does it

give this court confidence that the kinds of documents at issue here were contemplated by that decision, defendants assert that the documents may be considered on their motion to dismiss as "part of the record of this case." (Dkt. No. 19, Attach. 6 at 25 n.11.) Turczyn argues that defendants' reliance on the stipulation is inappropriate at this juncture, yet she offers the affidavit of McGregor, submitted to dispute the validity of the stipulation, (Dkt. No. 20, Attach. 1), without any explanation as to why the court should or may consider it. (Dkt. No. 20 at 12-13.)

The court has excluded from its consideration of this motion to dismiss the exhibits offered by defendants as well as the McGregor affidavit. *See* Fed. R. Civ. P. 12(d). The existence of some document or documents that may extinguish a plaintiff's claims, such as a release or stipulation of discontinuance, is an affirmative defense, *see Beede v. Stiefel Labs., Inc.*, No. 1:13-cv-120, 2014 WL 896725, at *3 (N.D.N.Y. Mar. 6, 2014), and "'[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6) . . . if the defense appears on the face of the complaint,'" *Iowa Pub. Emps.' Ret. Sys. v. MF Global, Ltd.*, 620 F.3d 137, 145 (2d Cir. 2010) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998)).

Here, the stipulation defense is not apparent from the face of the amended complaint.  Moreover, the court refuses to consider the documents in question as part of the record of this case, a proposition for which no in-Circuit authority has been offered nor has any been discovered by this court.  As such, the documents offered by defendants, (Dkt. No. 19, Attachs. 3, 4), are not properly before the court, and their argument that Turczyn's claims must be dismissed because of those documents is rejected.  McGregor's affidavit, (Dkt. No. 20, Attach. 1), which was also improvidently submitted for consideration, is likewise excluded.  The court now turns to the merits of defendants' arguments regarding the substantive due process and *Monell* claims.

**B.     Rule 8**

First, defendants argue that Turczyn's § 1983 due process claim is subject to dismissal under the Rule 8 plausibility analysis—specifically because of Turczyn's failure to allege facts supportive of a sufficient nexus between Shanley's omissions and Turczyn's death.  (Dkt. No. 19, Attach. 6 at 23-24.)  The court disagrees.  The amended complaint plausibly alleges a causal connection between the conduct of defendants—their alleged conscience-shocking failure to protect Turczyn, (Am. Compl. ¶ 49)—and

8

her injuries, *i.e.*, the allegations plausibly suggest that defendants' acts were a substantial factor in bringing about Turczyn's injuries. *See Gierlinger v. Gleason*, 160 F.3d 858, 872 (2d Cir. 1998) ("[I]n all § 1983 cases[] the plaintiff must prove that the defendant's action was a proximate cause of the plaintiff's injury."). Accordingly, this argument is rejected.

C.  **Rule 12(b)(6)**

Defendants argue that Turczyn has failed to state a substantive due process claim as against Shanley or the City. (Dkt. No. 19, Attach. 6 at 2-20, 26-31.) Defendants contend that Turczyn alleges only passive conduct on the part of Shanley that does not give rise to a substantive due process violation. (*Id.* at 10-12.) More generally, defendants assert that Turczyn has failed to plead facts to show "implicit prior assurances through repeated sustained inaction," and that, even if she did, the state action alleged does not rise to the level of conscience-shocking behavior. (*Id.* at 15-20.) Alternatively, defendants argue that Shanley is entitled to qualified immunity. (*Id.* at 20-23.) With respect to the City, defendants contend that Turczyn has failed to allege facts that support a claim of municipal liability. (*Id.* at 26-31.) For reasons explained below, defendants' motion is denied with respect to Turczyn's substantive due process claim against Shanley,

9

but granted with respect to her *Monell* claim against the City.

Only one relevant exception to the general rule that no substantive due process claim lies for a state's failure to protect an individual from private violence, *see DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989), potentially applies in this case. That exception imposes liability for failure to protect where state actors in some way affirmatively assist "in creating or increasing the danger to the victim." *Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 428 (2d Cir. 2009) (internal quotation marks and citation omitted); *see Pena v. DePrisco*, 432 F.3d 98, 110 (2d Cir. 2005). "[R]epeated, sustained inaction by government officials, in the face of potential acts of violence, might constitute 'prior assurances,' rising to the level of an affirmative condoning of private violence, even if there is no explicit approval or encouragement." *Okin*, 577 F.3d at 428 (quoting *Dwares v. City of N.Y.*, 985 F.2d 94, 99 (2d Cir. 1993)). Moreover, when "state officials communicate to a private person that he . . . will not be arrested, punished, or otherwise interfered with while engaging in misconduct that is likely to endanger the life, liberty or property of others, those officials can be held liable under section 1983 for injury caused by the misconduct" "even though none of the defendants

[is] alleged to have communicated the approval explicitly." *Id.* at 428-29 (quoting *Pena*, 432 F.3d at 111)). In a nutshell, "[t]he affirmative conduct of a government official may give rise to an actionable due process violation if it communicates, explicitly or implicitly, official sanction of private violence." *Id.* at 429.

A successful substantive due process claim also requires that the plaintiff show "that the state action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Id.* at 431 (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). A hierarchy of intent provides guidance on the likelihood that a particular harm rises to the necessary level. Intentionally inflicted harms are most likely to meet the standard, while reckless and negligent inflictions of harm are each less likely, in graduated downward steps, to show conscience-shocking state action. *Id.* As for recklessly inflicted injuries, "'[d]eliberate indifference that shocks in one environment may not be so patently egregious in another.'" *Id.* (quoting *Lewis*, 523 U.S. at 850). Accordingly, the inquiry is highly fact specific.

Unlike *Town of Castle Rock v. Gonzales*, 545 U.S. 748 (2005), or *Neal v. Lee County*, Civil Action No. 1:08CV262, 2010 WL 582437 (N.D.

Miss. Feb. 12, 2010)—cases in which police had limited interaction with either the victim or killer prior to the victim's demise, and upon which defendants rely for dismissal of the claim against Shanley, (Dkt. No. 19, Attach. 6 at 3-5, 7-8)—the allegations here go substantially farther. Turczyn alleges several occasions[3] when Shanley knew of Anderson's threatening acts and did nothing, which arguably communicated to him prior assurances that there would be no penalty to pay for his conduct. (Am. Compl. ¶¶ 12-13.) "This is so even though none of the defendants are alleged to have communicated the approval explicitly." *Pena*, 432 F.3d at 111. *Okin* has specifically recognized the liability that may arise under these circumstances. *See* 577 F.3d at 428-29 (explaining that liability under § 1983 attaches when "state officials communicate to a private person that he . . . will not be arrested, punished, or otherwise interfered with while engaging in misconduct that is likely to endanger the life, liberty or property of others" (quoting *Pena*, 432 F.3d at 111)).

The amended complaint also pleads facts that demonstrate, at this juncture, egregious behavior that shocks the contemporary conscience. As

---

[3] In fact, Turczyn claims that she lodged five to ten complaints—of which Shanley was aware—with the Utica Police within the twelve months preceding the murder. (Am. Compl. ¶¶ 12, 13.) So many occurrences may amount to "repeated [and] sustained inaction . . . in the face of potential acts of violence." *Okin*, 577 F.3d at 428.

12

in *Okin*, the allegations here tend to show that Shanley, who was tasked with accomplishing certain goals related to curbing domestic violence, was deliberately indifferent as to whether or not Anderson would make good on his multiple threats against Turczyn's life over a twelve-month-period. (Am. Compl. ¶¶ 10, 12.) These allegations sufficiently support that Shanley's affirmative conduct was the product of deliberate indifference that shocks the conscience, and would provide a reasonable jury with a valid basis to so find. *See Conradt v. NBC Universal, Inc.*, 536 F. Supp. 2d 380, 394-95 (S.D.N.Y. 2008).

Finally, Shanley is not entitled to qualified immunity at this juncture. Her argument on this issue is two-fold. First, Shanley asserts that no constitutional violation occurred, and, second, she claims that, even if a constitutional violation occurred, the right was not clearly established. (Dkt. No. 19, Attach. 6 at 20-23.) The first prong of the argument is easily swept aside by reference to the preceding paragraphs that explain that the amended complaint alleges a cognizable substantive due process violation. As for whether or not the right was clearly established, which is a prerequisite to qualified immunity, *see Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), this question has been resolved by the Second Circuit. On the

13

issue, the court has explained that it is "clearly established," under the state-created danger theory, "that police officers are prohibited from affirmatively contributing to the vulnerability of a known victim by engaging in conduct, whether explicit or implicit, that encourages *intentional* violence against the victim, and as that is the substantive due process violation alleged here, qualified immunity does not apply." *Okin*, 577 F.3d at 434. Accordingly, Shanley is not entitled to qualified immunity at this time.

As for the City, defendants assert that Turczyn has failed to plead a *Monell* claim because the amended complaint merely alleges legal conclusions. (Dkt. No. 19, Attach. 6 at 26-31.) With respect to Turczyn's allegation that the City failed to properly train or supervise its employees, defendants contend that the amended complaint is too conclusory, but that, even if adequately pleaded, Turczyn's municipal liability claim must nonetheless fail because she has not alleged deliberate indifference. (*Id.* at 29-31.)

It is well settled that "the inadequacy of police training may serve as the basis for § 1983 liability . . . where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Oh. v. Harris*, 489 U.S. 378, 380, 388 (1989).

14

The deliberate indifference standard is "stringent" and requires "proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 131 S. Ct. 1350, 1360 (2011) (internal quotation marks and citation omitted). A showing of deliberate indifference requires that: (1) "a policymaker knows 'to a moral certainty' that her employees will confront a given situation"; (2) "the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation"; and (3) "the wrong choice by the . . . employee will frequently cause the deprivation of a citizen's constitutional rights." *Walker v. City of N.Y.*, 974 F.2d 293, 297-98 (2d Cir. 1992) (quoting *City of Canton*, 489 U.S. at 390 n.10).

Here, because Turczyn has failed to adequately plead that the City's failure to train and supervise amounted to deliberate indifference, she has failed to state a claim of municipal liability. The amended complaint uses the label "deliberate indifference" in reference to Turczyn's municipal liability claim and generically references the City's failure to properly train and supervise, but it fails to allege facts that support either conclusory notion. (Am. Compl. ¶¶ 45, 52.) Turczyn's pleading failure mandates

15

dismissal of her *Monell* claim against the City. *See Gauthier v. Kirkpatrick*, Civil Action No. 2:13-cv-187, 2013 WL 6407716, at *10 (D. Vt. Dec. 9, 2013) (dismissing failure to train *Monell* claim because the plaintiff failed to plead facts that supported the deliberate difference elements); *Santos v. New York City*, 847 F. Supp. 2d 573, 577 (S.D.N.Y. 2012); *see also Worrell v. City of N.Y.*, No. 12-CV-6151, 2014 WL 1224257, at *13 (E.D.N.Y. Mar. 24, 2014).

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 19) is **GRANTED IN PART** and **DENIED IN PART** as follows:

**GRANTED** with respect to all claims alleged as against the City of Utica Police Dept. and the Clerk is directed to terminate the City of Utica Police Dept. from this action; and

**GRANTED** with respect to Turczyn's *Monell* claim against the City (Am. Compl. ¶¶ 51-58), which is hereby **DISMISSED WITHOUT PREJUDICE**, and the Clerk is directed to terminate the City of Utica from this action; and

**GRANTED** with respect to all of Turczyn's pendant state law

16

claims, (Am. Compl. ¶¶ 59-74), which are hereby **DISMISSED**; and

**DENIED** in all other respects; and it is further

**ORDERED** that the sole remaining defendant, Shanley, shall file an appropriate responsive pleading within the time allotted by the rules; and it is further

**ORDERED** that the parties shall contact Magistrate Judge Andrew T. Baxter in order to schedule further proceedings; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 26, 2014
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court